IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LUIS DANIEL QUINTERO FLORES, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 1:25-cv-1614 (RDA/LRV) |
| KRISTI NOEM, *et al.*, | ) ) | |
| Respondents. | ) | |

## ORDER

This matter comes before the Court on Petitioners Luis Daniel Quintero Flores, Carlos Alfredo Landaverde Rodriguez, Jairo Magaliel Aquino Gonzalez, Julio Cesar Romero Aleman, Mauricio Alberto Orellana Rivas, Mauricio Alexander Esquivel Garcia, Tulio Artemio Gutierrez, and Victor Manuel Aleman Marquez's ("Petitioners") Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs Enforcement ("ICE") custody or a bond hearing before an Immigration Judge. Petitioners argue that they are detained under 8 U.S.C. §1226(a) rather than under §1225(b)(2), and that this ongoing detention violates their due process rights, and they request that this Court order that they be granted a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Respondents opposed the Petition and asserted that Petitioners were properly detained under §1225(b)(2). Dkt. 4. For the reasons set forth below, the Petition is GRANTED.

### I.  BACKGROUND

Petitioner Quintero Flores is a native and citizen of Bolivia who entered the United States without inspection in September 2022. Dkt. 1 at 11. Petitioner Quintero Flores was arrested by

1

ICE agents outside of his workplace in Arlington on September 7, 2025, and is currently detained at the Abyon Farmville Detention Center. *Id.*

Petitioner Landaverde Rodriguez is a citizen of El Salvador and entered the United States without inspection in December 2003. Dkt. 1 at 12. On September 8, 2025, as Petitioner Landaverde Rodriguez was heading to work, he was pulled over by several cars and arrested by ICE agents in Washington, D.C. *Id.* Petitioner is currently detained at Abyon Farmville Detention Center. *Id.*

Petitioner Aquino Gonzalez is a citizen of Guatemala and entered the United States without inspection in October 2007. Dkt. 1 at 13. On September 18, 2025, while he was on his way to purchase work materials, he was stopped and taken into custody by ICE agents in Washington, D.C. *Id.* Petitioner Aquino Gonzalez is currently detained at the Riverside Regional Jail. *Id.*

Petitioner Romero Aleman is a citizen of El Salvador and entered the United States without inspection in December 2013. *Id.* On August 20, 2025, Petitioner Romero Aleman was detained during an ICE raid at a construction site in Silver Spring, Maryland. Dkt. 1 at 14. He is currently detained at the Abyon Farmville Detention Center. *Id.*

Petitioner Orellana Rivas is a citizen of El Salvador and entered the United States without inspection on July 9, 2022. *Id.* In January 2025, he filed an application for asylum with USCIS and subsequently attended a biometrics appointment notice. *Id.* USCIS issued his Category C08 Employment Authorization Document on July 18, 2025. Dkt. 1 at 15. He was approached by ICE agents as he left his house in Chantilly, Virginia, on August 30, 2025, and was taken into immigration custody. *Id.* Petitioner Orellana Rivas is currently detained at the Abyon Farmville Detention Center. *Id.*

2

Petitioner Esquivel Garcia is a citizen of El Salvador and entered the United States without inspection around November 2007. *Id.* On August 31, 2025, while Petitioner Esquivel Garcia was waiting for a family member in a parked car in Washington, D.C., ICE agents approached and detained him. Dkt. 1 at 16. Petitioner Esquivel Garcia is currently detained at the Abyon Farmville Detention Center. *Id.*

Petitioner Gutierrez is a citizen of El Salvador and entered the United States without inspection in February 2004. *Id.* In May 2025, Petitioner Gutierrez's wife, a U.S. Citizen, filed a Form I-130 on his behalf. Dkt. 1 at 17. Petitioner Gutierrez was pulled over on August 28, 2025, while driving a work truck on the George Washington Parkway, and was taken into immigration custody. *Id.* Petitioner Gutierrez is currently detained at the Abyon Farmville Detention Center. *Id.*

Petitioner Aleman Marquez is a citizen of El Salvador and entered the United States without inspection around 1995. *Id.* On September 13, 2025, he was detained by ICE agents in Virginia and is currently being held at the Abyon Farmville Detention Center. Dkt. 1 at 18.

On September 25, 2025, Petitioners filed the instant Petition, and, on October 8, 2025, Respondents filed their Opposition. Dkts. 1, 4. On October 15, 2025, Petitioners filed their Reply. Dkt. 8.

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme

Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

### III.  DISCUSSION

As a threshold matter, this Court has jurisdiction to consider Petitioners' habeas challenge to their detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention.  *See Luna Quispe v. Crawford*, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

With respect to the substance of their claim, Petitioners argue that their detention is governed by 8 U.S.C. §1226(a) rather than §1225(b)(2), and that their constitutional due process rights are being violated because the mandatory detention provision of §1225(b)(2) does not apply to them.  Petitioners request that they be released, or in the alternative, that they be given a bond hearing pursuant to 8 U.S.C. §1226.  In their Opposition, Respondents argue that Petitioners' detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Petitioners are detained under 8 U.S.C. §1225(b)(2) and not 8 U.S.C. §1226(a).  Moreover, Respondents argue that because Petitioners were not legally granted entry into the country, they are still "seeking admission," making §1225(b)(2) the appropriate statute to apply to their detention.  Further, Respondents assert that petitioners subsequently placed into removal proceedings who have not actually been "admitted" are subject to mandatory detention under §1225(b).  Petitioners assert that they are neither "seeking admission" nor applicants for admission since they were already present in the country prior to their detention.

This Court observes that the parties' arguments are substantially similar to others made in recent habeas cases in this District.[1] Here, like there, the dispositive issue is reduced to whether Petitioners' detention is governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). Respondents argue that Petitioners are "applicants for admission" because they entered the country without inspection, thereby subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). Dkt. 4. Respondents acknowledge that their arguments have previously been rejected by numerous decisions both in this District and other district courts across the country and do not argue that this case is factually distinguishable such that it would require a different outcome. Consequently, this Court also finds that Petitioners' detention is governed by 8 U.S.C. §1226(a)'s discretionary framework, not §1225(b)'s mandatory detention procedures. *See, e.g.*, *Singh v. Lyons, et. al.*, 2025 WL 2932635 at 4* (E.D. Va. Oct. 14, 2025) (finding that Respondents' application of §1225(b) to individuals like Petitioners already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that §1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully)). As the Supreme

---

[1] *See, e.g.*, *Hasan v. Crawford*, -- F. Supp. 3d --, 2025 WL 2682255 (E.D. Va. 2025) (Brinkema, J.); *Luna Quispe v. Crawford*, 2025 WL 2783799 (E.D. Va. Sep. 29, 2025) (Trenga, J.); *Quispe-Ardiles v. Noem*, 2025 WL 2783800 (E.D. Va. Sep. 30, 2025) (Nachmanoff, J); *Vargas Nunez v. Lyons*, 1:25-cv-1574, Dkt. 10 (E.D. Va. Oct. 1, 2025) (Brinkema, J.); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583, Dkt. 8 (E.D. Va. Oct. 1, 2025) (same); *Gomez Alonzo v. Lyons*, 1:25-cv-1587, Dkt. 16 (E.D. Va. Oct. 1, 2025) (same); *Perez Bibiano v. Lyons*, 1:25-cv-1590, Dkt. 8 (E.D. Va. Oct. 2, 2025) (same); *Ortiz Ventura v. Noem*, 1:25-cv-1429, Dkt. 16 (E.D. Va. Oct. 2, 2025) (Nachmanoff, J.); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511, Dkt. 9 (E.D. Va. Oct. 3, 2025) (same); *Guerra Leon v. Noem*, 1:25-cv-1634, Dkt. 12 (E.D. Va. Oct. 8, 2025) (Brinkema, J.); *Maldonado Merlos v. Noem*, 1:25-cv-1645, Dkt. 11 (E.D. Va. Oct. 9, 2025) (same); *Alfaro v. Lyons*, 1:25-cv-1569, Dkt. 11 (E.D. Va. Oct. 11, 2025) (Trenga, J.); *Singh v. Lyons*, 1:25-cv-1606, Dkt. 6 (E.D. Va. Oct. 14, 2025) (same); *Teyim v. Perry*, 1:25-cv-1615, Dkt. 9 (E.D. Va. Oct. 15, 2025) (Nachmanoff, J.).

Court held in *Jennings v. Rodriguez*, § 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas § 1225(b) governs "aliens seeking admission into the country." 583 U.S. 281, 288–89 (2018).[2] Because Petitioners all entered the country in or before 2022, they fall into the category of "aliens already in the country" subject to the discretionary detention provisions in §1226(a).

Having determined that Petitioners' detention is governed by §1226(a), the Court must consider whether their continued detention absent a bond hearing violates their due process rights. In that regard, the Court concludes that, for the same reasons the court found in *Luna Quispe*, 2025 WL 2783799 at *7–9, Petitioners' continued detention under §1226 without a bond hearing violates their substantive and procedural due process rights. For the above reasons, Petitioner's detention is governed by §1226(a)'s discretionary framework, not §1225(b)'s mandatory detention procedures, and the Court finds that Petitioner is entitled to a bond hearing before an immigration judge.

## IV.   CONCLUSION

For all of the reasons above, the Petition (Dkt. 1) is GRANTED, and it is hereby ORDERED that Petitioners be provided with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order; and it is further

ORDERED that Respondents are ENJOINED from denying bond to Petitioners on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

---

[2] The scheme developed by Congress, as interpreted in *Jennings*, affords more protections to aliens who make it past the border and deeper into the United States without being processed by immigration authorities than those stopped at the border. The Court finds this odd and questions the incentives that it creates.

6

ORDERED that in the event any named Petitioner is released on bond by an Immigration Judge, Respondents are ENJOINED from rearresting such named Petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that the Petitioner is detained under §1225(b)(2).

The Clerk is directed to send copies of this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
October 29, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

7